927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Scott P. STATON, Plaintiff-Appellant,
and
Robert S. Reynolds, Tracy Leatherbury, Daniel D. Zerbe, Alan
Culp, Dusty Chorvat, Monica Zonni, George Palmer Smith,
Georgia Myers, Thomas S. Hicks, K. Mark Bowles, David George
Henson, Norman Jean Clark, Thomas Dickens Fulcher, Jr.,
Lynda Oosterhuis, Anne Gormly, Andrea N. Ellis, Lynne
Burnside, Greg E. Mullins, Rachel Broughman, Leo Kirven,
Robert Mosby, John Mosby, Mrs. Samuel H. Gardner, Samuel H.
Gardner, John O. Smith, James L. Leadbetter, Mykle L. Lyons,
Lisa G. Roach, Brenda Lee Patterson, Mable M. Eason, Mina S.
Ritchie, Steve Cadora, Carol Warren, Larkin Linton, Jason
Dickerson, Frederick C. Snodgrass, Jeffrey L. Booker, Frank
E. Bates, Junius Royal, Nathaniel Barnes, Sharon Brown,
David S. Bundy, James Puckett, Leolur J. Lomax, Jocile S.
Giles, Hazel M. Goode, Leonard Simmons, Joyce Ann Jones,
Tracey Holupka, Joey Intifada, Princess Ann Thomas, Mrs.
William Mines, William Mines, Charles S. Moore, Nettie O.
Drake, Lucy A. Lucas, J. Jay Abernathy, Anthony Fuller,
Shannon Harrington, Jeffrey S. Johnson, Brandy Bottoroff,
Mike Goheen, Sarah E. Kidd, Art Mousally, Plaintiffs,
v.
U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, City of
Richmond, Defendants-Appellees,
and
Richmond Redevelopment and Housing Authority, Defendant.
 No. 90-2377.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Feb. 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-89-153-R)
 Karen Skeirik Elliott, McSweeney, Burtch & Crump, Richmond, Va. (argued), for appellant; Patrick M. McSweeney, McSweeney, Burtch & Crump, Richmond, Va., on brief.
 Michael Lawrence Sarahan, Assistant City Attorney, Richmond, Virginia (argued), for Appellee City of Richmond; Timothy G. Oksman, City of Richmond Attorney, Richmond, Va., on brief.
 Robert William Jaspen, Assistant United States Attorney, Richmond, Va. (argued), for appellee Department of Housing & Urban Development; Henry E. Hudson, United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 In this appeal, we consider the appropriate requirements for complying with the provisions of the National Environmental Policy Act (NEPA) in connection with the demolition of buildings within a Richmond, Virginia, redevelopment area where low cost rental housing is to be constructed.
 
 
 2
 * In the mid-1970s, the City of Richmond (the City) initiated a city-wide rehabilitation program designating nineteen conservation areas, which included the "Carver area." In 1986, the city council approved a redevelopment plan for the Carver area. The plan included demolishing twenty-seven buildings to create a site for the Carver public housing project. Funds for acquisition and demolition were provided to the City by the Department of Housing and Urban Development (HUD), as a Community Development Block Grant (CDBG) authorized by Title I of the Housing and Community Development Act of 1974. See 42 U.S.C. Secs. 5301, et seq. Under this statute, environmental assessments or reviews, as set forth in NEPA, must be undertaken. However, upon granting CDBG funds, HUD may delegate these environmental responsibilities to the grant recipient. See 42 U.S.C. Sec. 5304(g)(1). In the instant case, it delegated the responsibility to the City.
 
 
 3
 The Richmond Redevelopment and Housing Authority has also applied to HUD for funds to finance the construction of the Carver housing project. Although no funds have yet been received for construction of the contemplated public housing, HUD is authorized to finance such construction of public housing under the United States Housing Act. See 42 U.S.C. Secs. 1437, et seq. However, under the Housing Act, HUD itself must undertake the NEPA environmental responsibilities. It cannot delegate this task.
 
 
 4
 Demolition of the designated buildings in the Carver area commenced in the fall of 1988. Months later, sixty-four pro se plaintiffs initiated an action against the City, HUD and the Richmond Redevelopment and Housing Authority, claiming that they had violated the Constitution of the United States, federal regulations and the Code of Virginia in connection with implementation of the Conservation and Redevelopment Plan for the Carver District. Specifically, plaintiffs alleged injuries arising from the demolition of historic buildings and from the threat of increased danger from the proposed Carver housing project. The district court appointed counsel for plaintiff Scott Staton, who subsequently filed an amended complaint.* In preliminary rulings, the district court dismissed all defendants, except the City and HUD, and narrowed Staton's amended complaint to two counts--one against the City and one against HUD.
 
 II
 
 5
 In Count I, Staton asserts that the City certified that it had carried out the requisite environmental reviews mandated by NEPA before demolishing the buildings, but in fact had not done so. In the proceedings below, however, the City admitted that failure and conceded that the environmental review should have been undertaken. It agreed to prepare the appropriate environmental review for any future projects for demolition and clearance involving CDBG funds. The district court, finding no justiciable case or controversy between Staton and the City, dismissed the complaint for injunctive relief against the City.
 
 
 6
 In Count II, Staton alleges that HUD violated NEPA by failing to make an integrated study of the demolition and construction, by failing to ensure that the City completed its environmental review and by failing to monitor the City's compliance with NEPA once HUD was on notice that the environmental impact statement had not been prepared. The district court held that issues relating to the demolition were moot, since the demolition had already occurred. It also held that HUD was fulfilling its environmental review for the proposed construction.
 
 
 7
 We agree. The demolition giving rise to this litigation has already taken place and the City has provided assurances that it will comply with NEPA regulations in the future. Therefore, the complaint against the City was properly dismissed. We are also persuaded that the district court properly dismissed the complaint against HUD. HUD delegated to the City the NEPA responsibilities in connection with using the CDBG funds for demolition, and it is in compliance with the NEPA requirements in connection with the contemplated construction for which Housing Act funds will be granted. We also agree with the district court's denial of attorney's fees. Consequently, we affirm based on the opinion of the district court. Staton v. Department of Hous. & Urban Dev., CA-89-153-R, slip op. (E.D.Va. Dec. 26, 1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 In his amended complaint, Staton also named as defendants the Advisory Council on Historic Preservation and the State Historic Preservation Officer